IN THE UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LISA PHILLIPS<br>1504 GRAFTON ROAD<br>ELYRIA, OHIO 44035 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
|       Plaintiff,<br>      v. | )<br>) | |
| | )<br>) | **COMPLAINT**<br>(**Jury Demand Endorsed Herein**) |
| DEPUTY DONALD CANTWELL<br>In his official and individual capacities<br>LORAIN COUNTY SHERIFF<br>9896 MURRAY RIDGE RD.<br>ELYRIA, OHIO 44035 | )<br>)<br>)<br>)<br>)<br>) | |
|       And | )<br>) | |
| LORAIN COUNTY SHERIFF'S DEPT.<br>9896 MURRAY RIDGE RD.<br>ELYRIA, OHIO 44035 | )<br>)<br>)<br>) | |
|       And | )<br>) | |
| HEATHER ABLES, RN.<br>In her official and individual capacities<br>9896 MURRAY RIDGE RD.<br>ELYRIA, OHIO 44035 | )<br>)<br>)<br>)<br>) | |
| ELYRIA POLICE DEPARTMENT<br>18 WEST AVE.<br>ELYRIA, OHIO 44035. | )<br>)<br>)<br>) | |
|       And | )<br>) | |
| PATROLMAN IAN BAKER<br>In his official and individual capacities<br>18 WEST AVE.<br>ELYRIA, OHIO 44035 | )<br>)<br>)<br>)<br>) | |
|       And | )<br>) | |
| PATROLMAN T. LOESCH<br>In his office and individual capacities<br>18 WEST AVE.<br>ELYRIA, OHIO 44035 | )<br>)<br>)<br>) | |

1

Plaintiff, Lisa Phillips, for her Complaint against Defendants Deputy Donald Cantwell, the Lorain County Sheriff's Department , Heather Ables, RN,  Patrolman Ian Baker, Patrolman T. Loesch and the Elyria Police Department states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff brings this civil right lawsuit pursuant to 42 U.S.C. § 1983 to redress the deprivation, by the Defendants under color of state law, of the rights, privileges, and immunities secured to her under the Fourth and Fourteenth Amendments to the United States Constitution.

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising out of the Constitutional of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Ohio state law pursuant to 28 U.S.C. § 1367.

3.      Venue lies in the United States District Court for the Northern District of Ohio pursuant to §1391 and §1392, because the events or omissions giving rise to Plaintiff's claims occurred in Lorain County, Ohio and all of the parties reside in this federal district.

**PARTIES**

4.      Plaintiff, Lisa Phillips, at all times herein was a citizen of the United States and a resident of Lorain County, Ohio.

5.      At all times, and in all his actions described herein, Defendant, Donald Cantwell, (hereinafter "Defendant Cantwell") was a Deputy employed by the Lorain County Sheriff's Department, a municipality organized and existing pursuant to the laws of the State of Ohio.

6.      At all times herein, and in all his actions described herein, Defendant Cantwell was acting under the color of law, including the customs, usages, policies, and practices established by the

2

Lorain County Sheriff's Department, and in his capacity pursuant to his authority as a Deputy for the Lorain County Sheriff's Department.

7.      Defendant Cantwell is also sued individually.

8.      At all times, and in all his actions described herein, Heather Ables, (Hereinafter Defendant Ables") was a registered nurse employed by the Lorain County Sheriff's Department.

9.      Defendant Ables was a supervisor registered nurse employed by the Lorain County Sheriff's Department, a municipality organized and existing pursuant to the laws of the State of Ohio.

10.     At all times herein, and in all his actions described herein, Defendant Ables was acting under the color of law, including the customs, usages, policies, and practices established by the Lorain County Sheriff's Department, and in her capacity pursuant to her authority as a supervisor registered nurse for the Lorain County Sheriff's Department.

11.     Defendant Ables is also sued individually.

12.     Defendant Lorain County Sheriff's Department (Herein "LCSD") establishes the practices, customs, usages, polices, practices to be used by its officers, detectives, and other personnel.

13.     At all times, and in all his actions described herein, Patrolman Ian Baker (hereinafter "Defendant Baker") was an officer employed by the Elyria Police Department, a municipality organized and existing pursuant to the laws of the State of Ohio.

14.     At all times herein, and in all his actions described herein, Defendant Baker was acting under the color of law, including the customs, usages, policies, and practices established by the Elyria Police Department, and in his capacity pursuant to his authority as an Officer for the Elyria Police Department.

15.     Defendant Baker is also sued individually.

16.     At all times, and in all his actions described herein, Patrolman T. Loesch (hereinafter "Defendant Loesch") was an officer employed by the Elyria Police Department, a municipality organized and existing pursuant to the laws of the State of Ohio.

17.     At all times herein, and in all his actions described herein, Defendant Loesch was acting under the color of law, including the customs, usages policies, and practices established by the Elyria Police Department, and in his capacity pursuant to his authority as an Officer for the Elyria Police Department.

18.     Defendant Loesch is also sued individually.

19.     Defendant Elyria Police Department (Herein "EPD") establishes the practices, customs, usages, polices, practices to be used by its officers, detectives, and other personnel.

20.     Each and every act and omission of each Defendant alleged herein occurred in the County of Lorain and State of Ohio.

## FACTS

21.     On or about August 6, 2021, Plaintiff, Lisa Phillips was with a friend, Scott Jeffers, and her son Mason Phillips, at Boomer's Bar located at 305 Broad Street in Elyria, Ohio. Just before midnight, Plaintiff and her son left the establishment to walk home. Neither party intended to drive as they had consumed alcoholic beverages while at the bar.

22.     Plaintiff and her son had initially walked in opposite directions. When Plaintiff turned around to walk with her son, she was stopped and detained by Defendant Baker of the Elyria Police Department.

23.     Defendant Loesch was across the street speaking with Plaintiff's son before joining officer baker to speak with Plaintiff.

4

24.     Plaintiff was given conflicting information by both Defendant's Baker, and Loesch – one telling her she was detained, the other telling her she could join her son across the street.

25.     Defendant Loesch eventually placed Plaintiff in handcuffs and placed her under arrest for Disorderly Conduct Intoxicated in violation of Ohio Revised Code 2917.11(B), a minor misdemeanor – a non-jailable offense.

26.     As a result of her arrest, Plaintiff was transported to and booked into the Lorain County Jail, where she was held in the holding cell #8 for the duration of her stay.

27.     Plaintiff was provided a plastic boat for bedding, a small mattress/mat and a blanket.

28.     Defendant Cantwell assisted in Plaintiff's booking process, and removed her from the holding cell at 8:45am to speak with Defendant Ables.

29.     Defendant Ables was the supervisor RN who was in charge of the medical intake screening process.

30.     Defendant Ables asked that Plaintiff be removed from the holding cell so that she could complete the medical intake screening process. Plaintiff conveyed to Defendant Ables that she was not comfortable answering questions related to her personal health information within ear shot of so many people and in direct contradiction with the duty of care under HIPAA.

31.     Sergeant Ryan Frizell had been within earshot of the encounter and approached Plaintiff to advise she did not have to answer person health questions but did notify Plaintiff that she was required to sign a paper that said she did not want to harm herself or others.

32.     At this time, Defendant Cantwell went to holding cell #8 and removed Plaintiff's blanket, mat and boat as discipline for not answering Defendant Ables' questions.

33.     Around 10:18 AM Officer Eric Denman returned Plaintiff's bedding, mat and boat to her cell.

34.     Defendant Cantwell returned to holding cell # 8 and told Plaintiff that Defendant Ables wanted to see her again  - Plaintiff did not agree to be weighed on the scale and was ordered back to her cell by Defendant Ables.

35.     Plaintiff returned to holding cell#8 and sat down on her mat. Without warning, Defendant Cantwell came into the cell behind her and ripped the sleeping mat and blanket out from beneath Plaintiff, causing her to flip from the boat and tumble to the floor.

36.     As a result of Defendant Cantwell's conduct, Plaintiff landed on her shoulder and immediately complained of pain and injury.

37.     Defendant Cantwell left the holding cell and went to provide assistance booking some of the male inmates.

38.     Defendant Ables returned to booking cell # 8 and told Plaintiff she could not provide her medical care for her injury sustained from Defendant Cantwell's actions until she provided answers to her medical intake questions. When Defendant Ables finally agreed to look at Plaintiff's shoulder she tried to make her remove her clothing in the open room, in front of a male officer. Plaintiff was not comfortable doing so.

39.     Plaintiff was held in lieu of a $250 surety bond and was not released from jail until August 8, 2021.

40.     Plaintiff subsequently filed a complaint with the Lorain County Sheriff based on Defendant Cantwell's actions.

41.     Defendant Cantwell was subjected to an investigation and was subsequently found to have committed in violation of the Departmental Standard Operating Procedures.

42.     Defendant Cantwell was disciplined with a Record of Instruction and Cautioning after being found to have committed Minor Offense #14 of the Departmental Standard Operating

Procedures 1.3.4 Rules of Conduct which states that At no time while on duty or off-duty, shall employees engage in conduct, which will bring unfavorable public opinion, or disgrace to the Lorain County Sheriff's Office or his/her fellow employees.

43.     Plaintiff has incurred significant damages including out of pocket medical expenses, and suffers from Post Traumatic Stress Disorder as a result of her treatment following her unlawful arrest and incarceration at the Lorain County Jail.

### FIRST CAUSE OF ACTION- 42 U.S.C. §1983 CIVIL RIGHTS VIOLATION

44.     Plaintiff restates and reavers the allegations contained in paragraphs one through forty-three as if fully restated herein.

45.     Defendants Baker and Loesch , intentionally and unreasonably arrested Plaintiff for a non-jailable offense in violation of R.C. 2917.11.

46.     Plaintiff was behaving responsibility by not operating a motor vehicle after consuming alcohol.

47.     Defendants Baker and Loesch detained Plaintiff without probable cause, and placed her under arrest for an offense that is punishable by a monetary fine only.

48.     As a direct and proximate result of said wrongful, tortious, illegal, and unconstitutional acts of Defendants Baker, Loesch and EPD, Plaintiff was wrongfully imprisoned causing Plaintiff to suffer economic damages in an amount to be ascertained, said damages being continuing in nature, including but not limited to lost income.

49.     The actions of Defendants Cantwell, Ables and LCS and each of them, were either intentional, malicious, willful, oppressive, and in deliberate disregard for the rights of the Plaintiff, so as to entitle Plaintiff to an award of punitive damages and attorney's fees, in addition to compensatory damages.

## SECOND CAUSE OF ACTION- 42 U.S.C. §1983 FAILURE TO TRAIN

50.     Plaintiff restates and reavers the allegations contained in paragraphs one through forty-nine as if fully restated herein.

51.     EPD and LCSD have a documented history of failing to train its officers and detectives.

52.     EPD and LCSD have a pattern of conduct for failing to train its officers and detectives.

53.     EPD and LCSD failed to provide proper training for their officers, sergeants, and detectives thereby resulting in the violation of Plaintiff's constitutional rights as described herein.

54.     EPD and LCSD failed to promulgate policies, plans, and procedures designed to protect the civil rights of the persons who come in contact with its officers thereby resulting in violations of Plaintiff's constitutional rights as described herein.

## THIRD CAUSE OF ACTION- FALSE ARREST/IMPRISONMENT

55.     Plaintiff restates and reavers the allegations contained in paragraphs one through fifty-four as if fully restated herein.

56.     Defendants Baker and Loesch intended to and did seize and confine the person of Plaintiff.

57.     The arrest and imprisonment of Plaintiff was done without probable cause.

58.     As a direct and proximate result of the improper arrest, Plaintiff who was falsely imprisoned at the Lorain County Jail for a non-jailable offense, has suffered humiliation, embarrassment, loss of reputation, severe mental anguish, emotional distress and physical injury and was otherwise damaged.

59.     Defendants LCS, Cantwell and Ables continued to hold Plaintiff in the County Jail despite the fact that her charge was a minor misdemeanor, which is punishable by a fine of up to $150.

60.     As a further direct and proximate result of the false imprisonment, Plaintiff has suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including, but not limited to lost income.

61.     Defendants actions were malicious, in bad faith, and wanton and/or reckless within the meaning of Ohio Revised Code Section 2744.03(A)(6)(b).

62.     Defendants were intentional, malicious, willful, wanton, and oppressive and in deliberate disregard for the rights of Plaintiff, so as to entitle Plaintiff to an award of punitive damages in addition to compensatory damages against each defendant.

**FOURTH CAUSE OF ACTION – 42 U.S.C. §1983 VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEIZURES**

63.     Plaintiff reavers the allegations contained in paragraphs one through sixty-two above as if fully stated herein.

64.     Plaintiff is entitled to the full protections of the Fourth Amendment to the United States Constitution.

65.     Plaintiff is permitted to bring a claim under 42 U.S.C. §1983 for violations of the Fourth Amendment as held in *Manuel v. Illinois*, 540 U.S. ____ (2017).

66.     Defendants detained Plaintiff without probable cause.

67.     Defendants violated Plaintiff's Fourth Amendment Rights when she was detained without probable cause.

68.     As a direct result of Defendants' conduct Plaintiff suffered injury to her reputation, was humiliated and subject to indignities, and suffered great stress of body and mind, incurred expenses including attorney fees and was otherwise damaged.

## FIFTH CAUSE OF ACTION- ASSAULT AND BATTERY

69.      Plaintiff reavers the allegations contained in paragraphs one through sixty-eight as if fully restated herein.

72.      Plaintiff was being booked into the Lorain County Jail by Defendant Cantwell and Defendant Ables

73.      When Plaintiff would not provide her private medical information to Defendant Ables in front of other inmates she was ordered back to her cell where Defendant Cantwell decided to punish her by removing her bedding.

74.      Other officers eventually returned her bedding before she was again summoned to speak with Defendant Abels about her private medical information.

75.      When Plaintiff refused, a second time to provide her personal medical information in front of others, she was returned to her cell where without notice, Defendant Cantwell pulled her blanket and mat out from under her causing her to fall to the floor.

76.      Defendant Cantwell's conduct had a great probability of causing substantial harm to Plaintiff.

77.      As a direct and proximate result of Defendant Cantwell's negligent and/or intentional conduct set forth above, Plaintiff was caused to incur severe physical and mental injures, including damage to her shoulder, physical and mental pain and suffering, impaired earing capacity, medical, paramedical and therapeutic care and expenses and other damages.

78.      Plaintiff's injuries are ongoing an permanent in nature, as she has already undergone several surgeries to repair the damage to her shoulder as a result of Defendant Cantwell's conduct.

**SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

79.     Plaintiff reavers the allegations contained in paragraphs one through seventy-eight as if fully restated herein

80.     Defendant Cantwell through his aforementioned conduct above, intended to cause severe emotional distress to Plaintiff and knew or should have known that his unprovoked assault and batter would result in severe emotional distress to Plaintiff.

81.     Defendant Ables, and her aforementioned conduct above, intended to cause severe emotional distress to Plaintiff and knew or should have known that the prying into her personal and private medical information in front of several strangers would result in severe emotional distress to Plaintiff.

82.     As a result of Defendants' conduct, Plaintiff suffered severe emotional distress.

**SEVENTH CAUSE OF ACTION – RECKLESS INFLICTION OF EMOTIONAL DISTRESS**

83.      Plaintiff reavers the allegations contained in paragraphs one through eighty-two as if fully restated herein

83.     Defendants Cantwell and Ables' aforementioned conduct above, was extreme and outrageous.

84.     Defendants Cantwell and Ables through their aforementioned conduct, were reckless as they had reason to believe that their conduct created an unreasonable risk of harm to Plaintiff.

85.     As a result of Defendant's Cantwell and Ables' conduct, Plaintiff suffered severe emotional distress.

## EIGHTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

86.     Plaintiff reavers the allegations contained in paragraphs one through eighty-five as if fully restated herein

87.     Defendants Cantwell and Ables owed Plaintiff a duty of care to ac as an ordinarily and reasonable and prudent person under the circumstances when booking her into the County Jail.

88.     Defendant Cantwell breached that duty of care he owed to Plaintiff by willfully assaulting her, causing her extreme mental distress.

89.     Defendant Ables breached that duty of care she owed to Plaintiff by willfully violating her privacy in front of other inmates in the County Jail, causing her extreme mental distress.

90.     As a result of Defendants Cantwell and Ables conduct, Plaintiff suffered severe and debilitating mental distress and injury.

## NINTH CAUSE OF ACTION- 42 U.S.C. §1983 EXCESSIVE FORCE

90.     Plaintiff reavers the allegations contained in paragraphs one through ninety as if fully restated herein

91.     Defendant Cantwell, by applying force maliciously and sadistically to cause harm, not in a good faith effort to maintain or restore order, while acting under color of law, deprived Plaintiff of rights, privileges, and immunities secured to him by the United States Constitution, including the prohibition on cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution and the right to equal protection and due process under the Fourteenth Amendment to the United States Constitution.

92.     Defendant Cantwell intentionally inflicted upon Plaintiff injuries that caused serous bodily harm when he flipped her from her sleeping mat and blanket causing her to tumble to the floor.

93. Defendant Cantwell's unlawful assault and excessive use of force went beyond any force necessary to remove items from Plaintiff's holding cell.

94. Plaintiff was injured as a result of Defendant Cantwell's unlawful assault and excessive use of force.

95. Plaintiff is entitled to damages based on Defendants' unlawful and unconstitutional actions that led to physical and psychological injuries.

### TENTH CAUSE OF ACTION- 42 U.S.C. §1983 FAILURE TO PREVENT USE OF EXCESSIVE FORCE

96. Plaintiff reavers the allegations contained in paragraphs one through ninety-five as if fully restated herein

97. Defendant Ables is liable for observing the obvious use of unnecessary and excessive force by Defendant Cantwell and failing to prevent such force when she had an opportunity and meant to prevent the risk of harm from occurring.

98. Defendant Ables by failing to protect Plaintiff, while acting under the color of state law, subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

99. Plaintiff was damaged by Defendant Ables failure to act in preventing the excessive use of force and such damages would not have happened if Defendant Ables intervened as her duty demanded to prevent the unlawful use of force.

82. Defendants' actions were malicious, willful, wanton and in a conscious disregard of Plaintiff's rights under the law rending them liable for punitive

## DAMAGES

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

A. An award in excess of $150,000.00 in compensatory damages against each defendant pursuant to each count;

B. An award in excess of $150,000.00 in punitive damages against each of the individual defendants for the willful and wanton disregard of the rights of Plaintiff.

C. Costs, interest, attorney fees, and such other relief as this Court deems just and proper.

Respectfully submitted,

By:_/s/Catherine Meehan_____
Joseph C. Patituce (#0081384)
Catherine R. Meehan (#0088275)
Patituce & Associates, LLC.
16855 Foltz Industrial Parkway
(440) 471-7784 (office)
(440) 398-0536 (fax)
attorney@patitucelaw.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues raised in the herein action comprised of the maximum number of jurors permitted by law.

By:   /s/ Catherine Meehan
Joseph C. Patituce (#0081384)
Catherine R. Meehan (#0088275)
Attorneys for Plaintiff, Lisa Phillips